## JOHNSON vs. NEGRO LISH.

1819.
JUNE, (E. S.)

Johnson
vs
Negro Lish

APPEAL from *Worcester* County Court. This was a petition for freedom by the appellee. At the trial she offered in evidence a bill of sale, or deed of gift, from *Morgan Bradshaw*, to his sister *Sarah Bradshaw*, dated the 6th of December 1793, duly acknowledged and recorded, and whereby, in consideration of the love, good will and affection, which he had and did bear towards his said sister, he gave and granted unto her, and to her lawful issue forever, a negro girl called *Lish*, about eight years old, with a proviso, that if *Sarah* should die without issue as aforesaid, *Lish*, and all her increase, should devolve and return to the donor's estate to all intents and purposes, as although the deed of gift had never taken place. The petitioner then proved the intermarriage of *Sarah Bradshaw* with *J. Melvin*, and his death sometime in the year 1810, leaving *Sarah*, his widow, in full life. She also offered in evidence the will of *Melvin*, dated the 13th of June 1810, whereby he devised to his wife *Sarah* all his estate, both real and moveable, during her natural life; and after disposing of his estate, after her death, bequeathing—"My will and desire further is, respecting my wife, that the one half of my moveable estate shall be at the disposal of my said wife at her decease; also the negro children *Eliza* and *Mehala*, together with any further or more children that the negro woman *Lisha* may have during the life of my wife, shall be all free at the death of my wife." She also proved the death of the said *Sarah* in the year 1816; and offered in evidence her will, dated the 15th of June 1816, whereby, amongst other bequests, she bequeathed as follows, viz. "I give to *Moses W. Jones* my negro woman *Letisha*, my negro girl *Eliza*, and my negro girl *Sinah*, to serve him six months after my death, and then to be free from all servitude whatever." The defendant, (the appellant,) then proved that *Sarah Bradshaw* died without ever having had any children or issue, and that negro *Lish*, the petitioner, is the same negro *Lish* mentioned in the before mentioned bill of sale or deed of gift. He then proved his intermarriage with *Polly Bradshaw*, the daughter of *Morgan Bradshaw*, the original donor. The petitioner then prayed the court to direct the jury, that by virtue of the bill of sale or deed of gift aforesaid, the whole interest of *Morgan Bradshaw* in the said negro, and the absolute property therein, vested in *Sarah Bradshaw*; and that the petitioner, under the wills aforesaid, was entitled to freedom. Which prayer the Court, [*Robins* and *Whittington*, A. J.] sustained, and directed the jury accordingly. The defendant excepted; and the verdict and judgment being for the petitioner, he prosecuted this appeal.

The cause was argued before CHASE, Ch. J. and EARLE, JOHNSON and DORSEY, J.

*M B conveyed to his sister S B, by deed of gift, a negro girl called L, to her and her lawful issue forever, and if she died without issue aforesaid, the said negro girl, and her increase, to return to the estate of the donor. S B died without ever having had lawful issue,—Held, that the dying without issue generally is too remote, either in a deed or will; and that by virtue of the deed of gift, and by operation of law, the whole interest in the negro vested in S B*

*J. Bayly* and *Wilson*, for the Appellant, stated that the question depended on the operation of the deed of gift made by *M. Bradshaw* to *S. Bradshaw*, giving to *S. Bradshaw*, and to her *lawful issue*, for ever, the negro *Lish*, with the proviso, that should *S. Bradshaw* die without issue, then the negro, and her increase, should devolve and return to his estate. They contended that *S. Bradshaw* was not entitled to the absolute property in the negroes, but to a limited interest only. They cited *Co. Litt.* 20, a, (note 5.) *Doe vs. Lyde*, 1 *T. R.* 596. *Goodtitle vs. Pegden*, 2 *T. R.* 720. *Wilkinson vs. South*, 7 *T R.* 553. *Hodgeson vs. Bussey*, 2 *Atk.* 90. *Higgenbotham vs. Rucker*, 2 *Call's Rep.* 313; and *Longhead vs. Phelps*, 2 *W. Blk. Rep.* 704.

*Spence*, for the Appellee, contended, that the absolute property in the negro passed by the deed of gift to *S. Bradshaw*. He cited *Fearne Con. Rem.* 366. *Higgenbotham vs. Rucker*, 2 *Call's Rep.* 313, 319. *Stafford vs. Buckley*, 2 *Ves.* 170, 183; and *Davidge vs. Chaney*, 4 *Harr. & M'Hen.* 393.

EARLE, J. delivered the opinion of the Court. The only question in this cause arises on the construction of the deed of gift, mentioned in the record, from *Morgan Bradshaw* to his sister *Sarah Bradshaw*. The operative expressions in this instrument are, "to my sister, *Sarah Bradshaw*, and her lawful issue, for ever, and if she die without issue aforesaid, the said negro *Lish*, and her increase, to return to the estate of the donor;" and it is admitted that *Sarah Bradshaw* never had lawful issue, and consequently that she died without such issue. The doubted point is, whether negro *Lish*, and her increase, shall return to the estate or representatives of *Morgan Bradshaw*, who died it seems before *Sarah Bradshaw* his sister.

If the slave, and her increase, cannot return to the estate of *Morgan Bradshaw*, it follows that the gift to *Sarah Bradshaw* passed the absolute property to her in negro *Lish*, and of consequence that both *Sarah Bradshaw*, and her husband *J. Melvin*, had a right to manumit, or to make any other disposition in their pleasure of her and her increase.

The above expressions in the deed of gift are general, and in their obvious legal meaning extend to all the lawful issue of *Sarah Bradshaw*; and a limitation of a chattel, to take effect after an indefinite failure of issue, tends to a perpetuity, and is null and void. Negro *Lish*, and her increase, cannot return to the representatives of *Morgan Bradshaw*, unless the language used is restricted in its general sense by other words, which show an intention, that this property should return to the estate of *Morgan Bradshaw*, on the death of the donee without children or issue. It is in vain that I have sought for such restrictive words, or any circumstance in this case, to confine the general

meaning of the language which characterize this deed of gift. Instead thereof there are many expressions employed, which go far to show that the property was not to revert, but upon an indefinite failure of issue in the donee; such are the expressions, "for ever,"—"negro *Lish*, and her increase, shall return"—they shall return to "the estate of *Morgan Bradshaw*;" all of which expressions seem to import that this property was not to return to the donor's estate on the death of the donee without issue.

JOHNSON, J. No greater interest than a life estate will pass by a deed of real property without words of inheritance. To the grantee, and his issue, passes only a life-estate; to the grantee and his heirs, or the heirs of his body, will pass a fee or fee tail. But in personal property the grant passes the absolute interest, where not otherwise expressed. If then the absolute interest passed by the preceding words, as that interest is to be defeated on a certain event, the question is, on what event? The deed describes that event to be a *dying without issue generally*, without words of restriction, which every decision, that can be produced, declares to be too remote.

In forming opinions on questions of this nature, we must keep in mind, that originally a gift of personal property, for even an hour, passed the whole interest—there could be no restriction—no limitation over. Now, limitations over are admitted within certain restrictions; but the dying without issue generally, has universally been determined to be too remote, either in a deed or will.

*JUDGMENT AFFIRMED.*